United States District Court
Southern District of Texas
**ENTERED**
February 28, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Melvin C. Paul, | § | |
|     *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action H-18-2129 |
| | § | |
| Lori Davis, | § | |
|     *Defendant.* | § | |

## Memorandum and Recommendation

On June 21, 2018, Melvin C. Paul filed a document that the Clerk of Court construed to be a petition for writ of habeas corpus, under 28 U.S.C. § 2254. Judge Hughes referred the case to Magistrate Judge Stephen Smith. On July 27, 2018, Judge Smith ordered Paul to file an amended petition within thirty days on the proper form setting forth the basis for his petition. Judge Smith warned that the case would be dismissed for lack of prosecution if an amended petition was not filed within thirty days. (D.E. 5.) The case was reassigned to the undersigned magistrate judge on August 8, 2018.

Instead of filing an amended petition as ordered, on August 15, 2018, Paul filed a motion for extension of time and a motion for appointment of counsel. Paul argued that he is blind and is housed in a facility where he is unable to receive any assistance in preparing his amended petition. (D.E. 6.) The court granted Paul a sixty-day extension of time—to October 23, 2018, including a week for the court's order to move through the mail—to file his amended petition. (D.E. 7.) The court also required Davis to respond to the motion for appointment of counsel. *Id.*

Davis opposed the appointment of counsel and argued that Paul is receiving all the legal assistance to which he is legally entitled. (D.E. 11.) The court denied Paul's request for court-appointed counsel and ordered that "Davis provide Paul with reasonable, non-legal assistance so that he can read legal materials and file his amended petition." (D.E. 12.) The court also gave Paul another thirty days—to December 31, 2018—to file his amended petition. *Id.*

On December 21, 2018, Paul asked for yet another extension of time. He argued that his unit had been on a lockdown, and he was not able to access the law library. (D.E. 13.) Paul also renewed his request for counsel. *Id.* The court granted another thirty-day extension of time—to January 30, 2019—and warned Paul that "[t]he court is not inclined to grant any further extensions." (D.E. 14.) The court required Davis to provide another status report describing the assistance it provided to Paul pursuant to the court's earlier order.

On January 11, 2019, Davis filed a status report. (D.E. 15.) The report states the Mr. Paul had not gone to the law library and had not asked for any assistance. *Id.* Paul has not filed his amended petition as Judge Smith ordered eight months ago. Paul's amended petition was due on January 30, 2019. (D.E. 14.) The court has waited nearly a full month from that final deadline before entering the present order.

Dismissal of a petition for writ of habeas corpus under Fed. R. Civ. P. 41(b) is appropriate where there is a clear record of delay and when lesser sanctions would not serve the best interests of justice. *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). The Fifth Circuit also frequently requires proof of at least one of the following aggravating factors: (1) the delay is caused by the plaintiff and not the plaintiff's attorney, (2) the defendant was actually prejudiced because of the delay, or (3) the delay can be characterized as intentional. *See, e.g., id.* at 403–04; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).

Paul is *pro se* and thus the fault for the delay is placed on him. The court has made every effort to ensure that Paul has access to an

appropriate level of assistance. Paul has not made any effort to avail himself of the help that is available. Despite multiple orders and ample time to do so, Paul has failed to file an amended petition.

The court does not believe that there are other sanctions that will provoke Paul to comply with the court's orders. He is indigent and therefore monetary sanctions would be futile. The court has issued warnings, but to no avail.

Given the clear record of delay and the proven futility of other sanctions, it is appropriate to dismiss this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b).

The court recommends that the petition for writ of habeas corpus be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on February 26, 2019.

_____
Peter Bray
United States Magistrate Judge

3